# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1109V
(not to be published)

| | |
|---|---|
| STACY SMITH, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Filed: April 26, 2022 <br><br> Entitlement; Decision by Proffer; Damages; Influenza ("flu") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"). |

*David J. Carney,* Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner
*Austin J. Egan*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On July 30, 2019, Stacy Smith ("Petitioner"), filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleged that she suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the influenza ("flu") vaccine she received on October 8, 2018. *See* Proffer at 1, dated April 22, 2022 (ECF No. 45); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On April 1, 2022, Respondent filed an Amended Rule 4(c) Report advising that "he will not defend this case on other grounds during further proceedings before the Office of Special Masters," but reserved his right to appeal the factual finding. Amended Resp't's Rep. at 2. Respondent indicated that Petitioner "has otherwise satisfied the legal prerequisites for compensation under the Vaccine Act." *Id.* Respondent requested that I decide the issue of entitlement based on the existing record. *Id.*

That same day, I issued a Ruling on Entitlement, finding Petitioner entitled to vaccine compensation for her SIRVA. ECF No. 42.

Respondent filed a proffer (ECF No. 45) on April 22, 2022, agreeing to issue the following payments:

**1. A Lump Sum**

A lump sum of **$121,483.61**, which amount represents pain and suffering ($115,000.00) and past unreimbursable expenses ($6,483.61) related to Petitioner's SIRVA injury.

Proffer at 2. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u><br>
Katherine E. Oler<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| STACY SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1109V |
| v. ) | Special Master Oler |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 30, 2019, Stacy Smith ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on October 2, 2018. Petition at 1. On April 1, 2022, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine Rule 4(c) Report advising that, in light of Special Master Oler's factual findings that the onset of petitioner's right arm pain began the day of vaccination, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. Amended Rule 4(c) Report at 6-7; ECF No. 41. That same day, Special Master Oler issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her shoulder injury related to vaccine administration ("SIRVA").[1] Ruling on Entitlement; ECF No. 42.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent

I.   **Items of Compensation**

   A.   Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded **$115,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$6,483.61**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of **$121,483.61**, in the form of a check payable to petitioner.

---

reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's April 1, 2022 entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ AUSTIN J. EGAN
Austin J. Egan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 451-7479
Austin.J.Egan@usdoj.gov

Date: April 22, 2022